IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 14-00304-01-CR-W-GAF |
| EDDIE L. HOWARD, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
TO ACCEPT DEFENDANT'S GUILTY PLEA**

On September 15, 2015, I held a change-of-plea hearing after this case was referred to me by United States District Judge Gary Fenner. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

*I.  BACKGROUND*

On October 28, 2014, an indictment was returned charging defendant with one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Judge Fenner referred this case to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea. On September 15, 2015, defendant appeared before me with his counsel, Assistant Federal Public Defender Travis Poindexter. The government was represented by Assistant United States Attorney Mike Green. The proceedings were recorded and a transcript of the hearing was filed on September 16, 2015 (document number 29).

## II. AUTHORITY OF THE COURT

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. United States v. Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991), Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. United States v. Torres, 258 F.3d at 795. Applying the Peretz holding and the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears

2

adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing United States v. Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting United States v. Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the district court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III.    FINDINGS OF FACT

1. On October 28, 2014, an indictment was returned charging defendant with one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Tr. at 3). Defendant understood the charges in the indictment (Tr. at 3).

3

2. The statutory penalty is not more than ten years in prison, not more than $250,000 fine, not more than three years supervised release, and a $100 special assessment (Tr. at 4).

3. Defendant was advised of and understood the following:

   a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 4);

   b. That he has the right to assistance of counsel throughout the trial (Tr. at 4-5);

   c. That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 5);

   d. That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 5-6);

   e. That defendant would have an opportunity to subpoena witnesses to testify on his behalf (Tr. at 6);

   f. That defendant would have an opportunity to testify on his own behalf, but that he would not be required to and the jury would be instructed that they could not draw an adverse inference if he chose not to testify (Tr. at 6); and

   g. That defendant would have an opportunity to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 7).

4. Defendant was informed and understood that by pleading guilty, he is giving up all of the rights described above (Tr. at 4-7).

4

Case 4:14-cr-00304-GAF   Document 30   Filed 09/18/15   Page 4 of 8

5. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 7-8). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 8). Defendant stated that he understood (Tr. at 8).

6. Defense counsel had full access to the government's file and agreed that his review of the evidence and his independent investigation confirmed that the facts were as alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 8).

7. The government made the following factual basis for the crime to which defendant intends to plead guilty:

> On the afternoon of October 9th, 2014, two Kansas City, Missouri Police officers were sent to 25th and Norton Avenue in Kansas City, Missouri, in Jackson County, on a report of a suspicious party armed with a rifle. When the officers arrived at the scene, they saw the defendant, Mr. Eddie Howard, standing next to a 1999 GMC Suburban car. As the officers drove past, a man (a witness) stopped the officers and he pointed out Mr. Howard as the party who had been armed with a gun. The officers detained Mr. Howard right there by the green GMC and they right there observed in plain view in the back of this GMC a black rifle. When the officers spoke with the witness, the witness stated that Mr. Howard had been carrying the rifle as he was walking down 25th Street from Myrtle Avenue. The witness had seen Mr. Howard carrying the rifle. The officers also talked to another witness (a woman) who also stated that she had seen -- the woman was actually a friend of Mr. Howard's and had been there trying to drive this GMC away from the scene. It had flat tires and had been stolen from Mr. Howard a few hours earlier. She also confirmed that Mr. Howard had shown up on 25th Street holding this black assault rifle. The GMC was towed, and before the tow there was an inventory search and the Aero Precision, Incorporated Model X15 .223-caliber rifle with the serial number listed in the Indictment was recovered. The rifle was loaded with 19 rounds of ammunition. The evidence would be that actually DNA swabs were subsequently taken from this rifle, from the rifle handle grip and the charging handle. And these swabs are compared with Mr. Howard's known DNA, and the result was that his DNA -- he

5

was the majority source of the DNA on the rifle grip as well as what they call the charging handle of this AR-15. The evidence would be that Mr. Howard had a prior felony conviction, had sustained at least one felony conviction before October 9th, 2014. And furthermore, the Aero Precision rifle was manufactured in the state of Washington.

(Tr. at 8-10).

8. Defendant was placed under oath (Tr. at 10) and admitted the following: On October 9, 2014, he was in Kansas City, Missouri, and had a prior felony conviction. On this day he possessed the Aero Precision rifle described in the indictment. He knew he should not have the gun. He does not dispute that the gun was manufactured in another state before making its way to Missouri (Tr. at 10-11).

9. Defendant is familiar with the plea agreement, discussed it with his attorney, and understands it (Tr. at 12-14). In addition, I went over the plea agreement with the defendant (Tr. at 11-14).

10. No one has made any threats or promises in order to get defendant to plead guilty (Tr. at 14-15).

11. Defendant is satisfied with the advice and guidance he has received from Mr. Poindexter (Tr. at 15). There is nothing he has done that defendant did not want him to do (Tr. at 15). There is nothing he has failed to do that defendant wanted him to do (Tr. at 15).

12. Defendant is 36 years of age (Tr. at 15). He has a 9th grade education (Tr. at 15). He has been able to read, write, and understand everything that has

happened in his case (Tr. at 15). Defendant has no mental health or substance abuse issues (Tr. at 15-16).

13. Defendant tendered a plea of guilty to the indictment (Tr. at 16-17).

## *IV. ELEMENTS OF THE CHARGED OFFENSE*

According to the Eighth Circuit Model Criminal Jury Instructions, the crime of possessing a firearm after having been convicted of a felony has three essential elements:

One, the defendant had been convicted of a crime punishable by imprisonment for more than one year;

Two, after that, the defendant knowingly possessed a firearm; and

Three, the firearm was transported across a state line at some time during or before the defendant's possession of it.

Eighth Circuit Model Criminal Jury Instruction 6.18.922.

## *V. CONCLUSION*

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on whether defendant's guilty plea should be accepted.

2. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in this indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting defendant's guilty plea and adjudging defendant guilty of the offense charged in the indictment.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
September 18, 2015